**NATIONAL SOCIALIST WHITE PEOPLE'S PARTY, Robert A. Lloyd, III, William L. Pierce, Appellants,**

v.

**Joseph RINGERS, Jr., and Witcher N. Beverly, Appellees.**

**No. 14696.**

United States Court of Appeals, Fourth Circuit.

Argued July 23, 1970.

Decided July 29, 1970.

James H. Cohen, Washington, D. C. (Philip J. Hirschkop, Alexandria, Va., and Ralph J. Temple, Washington, D. C., on the brief), for appellants.

Gregory U. Evans, Arlington, Va. (James H. Simmonds, Arlington, Va., on the brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's refusal to grant a preliminary injunction to prevent the School Board of Arlington County, Virginia, from denying the use of certain school facilities to the National Socialist White People's Party to hold a meeting to commemorate the eighty-first birthday of Adolf Hitler. An application to Judge Albert V. Bryan for an injunction during the pendency of the appeal was heretofore denied.

The scope of review of the case in its present posture is limited to whether there was a clear abuse of discretion on the part of the district judge in denying interlocutory relief. We find no such abuse. It was conceded that under Virginia law, the school board, in determining whether to permit the use of school property, properly could consider the danger of destruction or damage to the school property and the likelihood of tumultuous and illegal incident should the permission be granted. There was evidence before the district court that as a result of a prior revocation of permission to use school facilities for a meeting of the Party, members of the Party sought forcibly to use the facilities, congregated at the home of a member of the school board and engaged in unlawful conduct, resulting in the conviction of six persons. By affidavit and other documentary evidence, there was proof that the Commonwealth Attorney for Arlington County and police officials of Arlington County advised against issuance of the permit because of the "scoff-law approach and lack of control of their organization" on the part of the Party, the consequent danger to the safety of the property, the creation of "an alarming situation in a residential area," and the disruption of "the tranquility of the law-abiding and peaceful citizens of Arlington County."

The case is not ripe for adjudication of the constitutional issues asserted by the plaintiff because detailed evidence with reference to the Party's past allegedly illegal activities, the past practices of the school board in permitting the use of school property by other groups and the specific reasons for denying the permit on the date in question has not been received and detailed findings of fact with respect thereto have not been made. The district court should also consider whether the school board constitutionally can furnish facilities to an organization that intentionally excludes persons from membership on racial or religious grounds.

In affirming, we remand the case to the district court for a full hearing of all of the issues, the receipt of relevant evidence and the making of full findings of fact, as well as the fashioning of permanent relief should the grant of relief be indicated.

Affirmed.